1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6
7    TAMINA CHRISTINE SHOCK,                    )
                                                )    Case No. 2:14-cv-01261-RFB-CWH
8                          Plaintiff,           )
                                                )    **ORDER**
9    vs.                                        )
                                                )
10   LAS VEGAS METROPOLITAN                     )
     POLICE DEPARTMENT, et al.,                 )
11                                              )
12                         Defendants.          )
     _____       )

13         This matter is before the Court on Defendants' Motion to Strike (#11), filed September 11,

14   2014, and Plaintiff's Motion to Strike (#12), filed September 16, 2014.

15         The complaint in this matter was filed on July 31, 2014.  (#1).  Defendants filed their

16   answer on August 25, 2014.  (#4).  On September 9, 2014, Plaintiff filed what has been designated

17   as a reply to the answer.  (#10).  By way of this motion, Defendants request that Court strike the

18   reply (#10) as an unauthorized pleading.  Plaintiff's motion requests that the Court strike

19   Defendants' motion to strike.

20         Plaintiff is proceeding in this matter *pro se*.  As a general rule, when a plaintiff proceeds *pro*

21   *se*, his or her pleadings should be construed broadly.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1

22   (9th Cir. 1985).  Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil

23   Procedure.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d

24   1362, 1364 (9th Cir. 1986) ("pro se litigants in ordinary civil case should not be treated more

25   favroable than parties with attorneys of record"); *Carter v Comm'r of Internal Revenue*, 784 F.2d

26   1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which

27   litigation proceeds).

28         Federal Rule of Civil Procedure 7(a) provides for only the following pleadings: (1) a

     complaint, (2) an answer to a complaint, (3) an answer or counterclaim designated as a

counterclaim, (4) an answer to a crossclaim, (5) a third-party complaint, and (6) an answer to a third-party complaint.  Replies to an answer are permitted if the ordered by the court.  Even construed broadly, Plaintiff's reply (#10) does not fall into any of the categories of permissible pleadings.  Nor has the court ordered a reply.  Consequently, the Court will grant Defendants request to strike the reply (#10) as improper under Rule 7(a).

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (#11) is **granted**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike (#12) is **denied**.

DATED: September 16, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2