# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMINA CHRISTINE SHOCK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 2:14-cv-01261-RFB-CWH<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff's Notice of Motion to Court to Protect Constitutional Rights and Notice to Intervene with Injunction (#18), filed January 12, 2015.

　　　　It appears Plaintiff seeks a protective order preventing defense counsel from filing a motion to compel further responses to discovery. Plaintiff states she is seeking "protection from the excess zeal of . . . attorney, ... trusting that this court will remind [Defendant] that the [U]nited States Constitution for America is a commercial contract between the United States and that all states and officers are bound by oath to obey it." Dkt. (#18) at pg. 1. The request for protection is based on the allegation that defense counsel "threatened" to file a motion to compel further discovery responses and seek fees and costs for having to do so. It also appears that Plaintiff objects to being asked to travel to defense counsel's office to discuss the allegedly deficient discovery responses. Plaintiff contends that the discovery responses are protected by the Constitution and that the request for protection is compliant with Fed. R. Civ. P. 26.

　　　　As the Court has noted previously, Plaintiff is proceeding in this matter *pro se*. As a general rule, when a plaintiff proceeds *pro se*, his or her pleadings should be construed broadly. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in

ordinary civil case should not be treated more favroable than parties with attorneys of record"); *Carter v Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

Here, contrary to Plaintiff's representation, the motion does not comply with either the Federal Rules of Civil Procedure or Local Rules of Civil Procedure. Prior to filing a request for a protective order pursuant to Fed. R. Civ. P. 26(c), the moving party "must include a certification that the movant has in good faith conferred or attempted to confer with other parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff has not done so and, it appears, her general position is that she need not meet and confer because the disputed discovery responses are protected by the Constitution. Local Rule 26-7 also requires a moving party to make a sincere effort to personally consult prior to filing a discovery motion. *See* Local Rule 26-7(b) ("Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."). The moving party must comply with the foregoing requirements. Plaintiff has not done so and, therefore, the motion will be denied.[1]

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (#18) is **denied without prejudice**.

DATED: January 15, 2015.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] In addition, Local Rule 26-7(a) requires that "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." Plaintiff has not complied with this requirement either and the motion must be denied as a result of the non-compliance.